# SMITH v. McGEHEE.

1. Before the completion of the final record, an exemplification of a bill in chancery, may be offered in evidence, in all cases where the original would be evidence. And when the bill is the only part of the record, which could have any bearing upon the case, the rest of the record need not be produced.
2. A letter promising to indemnify one for being surety for a third person, is irrelevant testimony, in an action of assumpsit to recover of the promissor, upon the common counts, money paid as such surety. The action should have been upon the contract to indemnify.
3. When a settlement was based upon an arbitration in writing, evidence cannot be given of the terms of the settlement, without producing the award.
4. One who receives a claim from another, in trust to collect it, and apply the proceeds in the discharge of debts, to which third persons are sureties, must account for the proceeds at the nominal amount for which it was made available to him, in the discharge or payment of his own debts.
5. One who is indemnified by another, to be the surety of a third person, cannot recover from his indemnitor, if there is nothing due at the time he discharges the debt, and he is notified not to pay.

Writ of Error to the Circuit Court of Lowndes. Before the Hon. E. Pickens.

ASSUMHSIT by the defendant in error. The action was brought by the plaintiff, to recover money which he had been compelled to pay as contribution to a co-surety, and against the consequences of which he was indemnified by the plaintiff in error.

In addition to other proof, so fully recited in the opinion of the court, that it is unnecessary to re-state it here—Abner McGehee, who was offered as a witness, proved that William McGehee, the principal debtor, placed in his hands a claim on the Montgomery Rail Road Co. for $6,701, which he promised to collect, and pay certain claims against William McGehee, on which the witness and Albert McGehee were sureties—that the witness was a large stockholder in the compa-

ny, and obtained a credit with the company, for the nominal amount of the claim, in discharge of the calls of the company upon him. That a difference having arisen between him and William McGehee, in relation to the claim on the rail road, the matter was left to the arbitration of certain persons, who made an award in writing, and that Albert McGehee was present, aiding and assisting William McGehee in procuring testimony. That after the award was made, William McGehee and the witness had a settlement, by which the latter fell in his debt $900, for which a note was executed.

The defendant objected to any testimony of the award, or its contents, and insisted on its production. The court overruled the objection, upon the ground that the witness was speaking of a settlement, and not of the award. The witness admitted that the settlement was based upon, and included the award.

The court also permitted the witness to prove the value of the rail road claim to be fifty cents in the dollar, to which the defendant excepted. The defendant further proved,, that before the payment by the plaintiff to Abner McGehee, he was notified by the defendant not to make the payment.

The defendant moved the court to charge, that Abner McGehee was liable to his co-sureties for the amount for which he received credit with the rail road company, on the claim put in his hands by Wm. McGehee, for the indemnity of himself and his co-sureties—which the court refused to give, and charged, that if they were only worth fifty cents in the dollar, and if Abner and William McGehee settled all the matters in dispute between them, including what should be paid on this demand, and that William was found indebted to Abner, leaving unpaid the debt upon which the plaintiff had paid Abner for contribution as co-surety, the sum now sought to be recovered of the defendant, on his indemnity, then the defendant could not have the benefit of this matter. This was excepted to, as were also other matters, which, as they did not influence the judgment of the court, need not be here stated.

All the matters of law arising on the bill of exceptions are assigned as error.

BELSER & HARRIS and ELMORE & YANCEY, for the plaintiff in error.

1. The copy of the bill offered by the defendant in error was not admissible evidence, because it was not the highest evidence that the bill was sworn to, and the paper offered did not purport to be certified as a copy of the transcripts or an exemplification of the record of any particular case. The whole record should have been produced. 1 Phil. Ev. 385; 2 C. & H's Notes, 1059.

2. The letter written by the plaintiff in error to defendant in error was not admissible evidence—1. Because there is no count in the declaration predicated on the letter. 2. Because it was a promise without consideration, being made after the execution of the note. 1 Chit. Pl. 339, note 3.

3. The evidence of Abner McGehee as to the award, and the settlement with William McGehee, based upon the award, was not admissible evidence, because the award itself was the best evidence of the matters arbitrated. May v. May, 1 Porter, 229; 2 C. & H. ed. Phil. Ev. 541; 3 Monroe, 523, 531; 1 Greenl. Ev. 105, § 88-9; 4 B. & Adol. 208; 3 Monr. 247, 250; 2 J. J. Mar. 256; 12 Ala. 252.

4. The testimony of the witness, Abner McGehee, as to the value of the bonds, was not admissible, because he was chargeable with the amount which he received for them, and not their market value. 1 Sto. Eq. § 465; 2 Myl. & K. 664; Lewen on Trusts, 288-9-90.

5. The court should have permitted the question whether the rights of Albert G. McGehee, were included in the arbitration, because his rights were sought to be affected by the arbitration, and he had therefore a right that the question should have been asked.

T. & J. D. F. WILLIAMS, for defendant in error.

1. The bill filed by the defendant was sworn to, and therefore was competent to prove a particular fact. Adams v. McMillon, 7 Porter, 73.

2. For this purpose, the whole record of the chancery suit

was unnecessary. The bill which admitted that the complainant, A. G. McGehee, promised to indemnify Smith if he would sign the note, was sufficient for that purpose. 1 Greenl. Ev. 555, § 512; Gresley's Eq. Ev. 108; Adams v. McMillon, 7 Por. 84.

3. In such cases the absence of the answer will not affect the admissibility of the bill. 1 Greenl. 556, § 512.

4. A special count was not necessary, in order to introduce the indemnity; under the common money counts, a note may be given in evidence. Gillespie v. Wesson, 7 Porter, 460.

5. Nor was that paper signed without consideration; it was the fulfilment of a promise by A. G. McGehee, which induced Smith to sign the note.

6. Although as a general principle, parol evidence cannot be given of the contents of an award. Yet a witness knowing the facts, will be permitted to speak of the matter or transaction of the award. Smith v. Armstead's Ex. 7 Ala. R. 702.

7. There was no necessity for the production of the award except for the purpose of giving it a construction which was entirely unnecessary, since the parties had settled by the award; and this settlement concluded Abner McGehee. He aided and assisted William McGehee in the matter. McGehee v. McGehee, 12 Ala. 83.

8. The equity of the award has already been settled by this court, which is conclusive against Albert G. McGehee, as to the value of the bonds. McGehee v. McGehee, 11 Ala. R. 83.

CHILTON, J.—This was an action of assumpsit brought by the defendant in error against McGehee. The declaration contains only the common counts. By a bill of exceptions sealed at the trial, it appears the plaintiff below read to the jury a note signed by William M. McGehee, Abner McGehee, Joel A. Stokes, and the parties to this suit, for $1,800, dated May 19, '40, and payable to the Branch of the Bank of the State of Alabama at Montgomery. It was shown that William McGehee was the principal in the note, and the other four persons named were his securities. That William

becoming insolvent, Abner McGehee had paid the whole demand, and had collected, without suit, from Smith, one fourth of said demand, as contribution. To recover the amount so paid by Smith, this suit was brought against Albert G. McGehee, who it is alledged, at the time of the execution of the said note, agreed with Smith, that if he would sign it as security, he, Albert, would indemnify him against liability.

To prove the agreement to indemnify, the plaintiff offered in evidence a certified copy of a bill in chancery, filed by Albert against Abner McGehee in the chancery court, purporting to be sworn to, the register of said chancery court certifying that it was a full and correct copy of the bill. This was objected to by the defendant. Waiving the question, whether a general objection to the evidence, without specifying any specific ground upon which it is based, can be regarded other than as an objection to its relevancy, we think the testimony thus offered was admissible in any view in which it has been presented to us in this court. Conceding that when records are exemplified, the general rule is, the whole must be exemplified, that the court may be able to construe it from a view of the whole record taken together, (1 Phil. Ev. 395,) and still, the rule would not exclude the bill in the present case ; for we are not advised that there is any answer or other proceeding in the court of chancery save the bill. But if the bill had been answered, it is manifest the answer could not have been evidence, and the only effect of the bill as evidence, was, to prove the admissions under oath, of the defendant. 1 Greenl. Ev. 556. This court has decided, that before the completion of the final record, the original papers may be given in evidence, as, till then, they compose a *quasi* record, and we see no reason why an exemplified copy of the papers may not be evidence in all cases where the original papers, as a record, could be read. Such has been the practice, to receive exemplified copies of the original papers, while the proceedings are *in fieri*, and before the final record is completed, and we think there is no rule of law which forbids it. The copy of the bill being read, for the purpose of showing the admissions of the defendant, was the whole of the record which concerned

the matter in question, and while the court would not permit garbled extracts of the proceedings to be used as evidence, yet when the whole of the record which could by possibility have a bearing upon the case before the court, there is certainly no sound reason for its exclusion. See upon this point, 3 Phil. Ev. C. & H's Notes, 924, 1059; Francis v. Hazelrig's Ex'rs, 1 Mar. Ken. Rep. 93; Packard et al. v. Hill, 7 Cow. R. 434; s. c. 5 Wend. R. 385.

In Ansley v. Carloss, 9 Ala. R. 973, this court held, that while the cause is progressing the papers are *quasi* records, and until the final record is made, the papers, *&c.* in the cause are evidence, and the best evidence of the facts they import. In Woodward v. Harbin, 1 Ala. R. 104, it was held, a certified copy of an execution returned into court was admissible in evidence. These authorities are sufficient to show, that the bill in this case was very properly admitted.

2. In admitting as evidence the letter of Albert G. McGehee, purporting to contain a promise to indemnify the plaintiff against his liability on the note of William M. McGehee, we think it perfectly clear the court mistook the law. Aside from the fact that the instrument does not appear to be supported by any consideration, and was given after the liability had been incurred, and that it is not under seal, a more potent objection to it is, that it is wholly irrelevant. If this amounts to a valid special agreement to indemnify the plaintiff against his liability on the note of William McGehee, and it is still subsisting and undischarged, it is well settled that the plaintiff, in order to avail himself of the benefit of the contract, must declare specially upon it, and cannot recover upon it under the common counts, in any case. Lenningdale v. Livingston, 10 Johns R. 37; 12 Ib. 274; 1 Chitty's Pl. 9 Am. ed. 330, n. 3, where the authorities are collected.

3. The plaintiff was allowed to give evidence of a settlement, based upon an arbitration, and an award, which was shown to have been reduced to writing by the arbitrators, and by which settlement it appeared, that taking into the account the award, and all other matters between William and Abner McGehee, the former fell in debt to Abner in the sum of $900.

We are bound to regard this as an effort to avoid the well established rule of evidence requiring the best evidence to be produced. The object was to conclude Albert G. McGehee by the award, he being present and aiding in the arbitration. What the award was, we are not advised—*non constat*, the arbitrators charged Abner with the $6,701, the nominal amount of the rail road indebtedness, which was discharged in the subsequent settlement between him and William, by some arrangement between them. But by failing to produce the award, the impression is made upon the mind of the jury, that it resulted in the ascertainment of $900 as due from William to Abner, after charging the latter with the amount of the demands against the rail road. We think the evidence of the settlement, based upon the award, and which derived its force from it, should have been excluded, as it was evidently giving to the jury the contents of the award in a shape perhaps more questionable than by direct oral evidence. See authority on the brief of counsel for the plaintiff.

4. Not having been concluded by the award, so far as the proof in this record shows, Albert McGehee had a right to insist upon charging Abner with the full amount realized by him from the rail road company, for the demands placed in his hands. They were made available to him for their nominal amount in the payment of a debt due from him to the company. He held them in trust for the benefit of all the parties to this $1,800 note, charged with the duty of collecting them, and appropriating the proceeds to the payment of the demand to the bank, and other demands for which William McGehee was liable. Having disposed of them without the authority of the *cestui que trusts*, he is liable to account to them at their election either for the value of the demands, or for the amount he received for them. The trustee or agent can derive no benefit to himself from dealing in the trust fund. The profits so accruing belong to the *cestuis que trust*. This proposition is too clear to require the citation of authorities to support it.

It is further a clear proposition of law, that if Smith paid the money to Abner McGehee, which he now seeks to recover from the plaintiff in error, in his own wrong, or, in

other words, if the principal had already paid the demand to Abner, he could not recover the amount so paid, especially after he had notice from the plaintiff in error not to pay. We do not however express any opinion as to the effect of the award and compromise made between William and Abner McGehee, if it can be shown that the plaintiff in error was present, aiding in and consenting to the arbitration. What is said in McGehee v. McGehee, 12 Ala. 83, will furnish a sufficient direction on this point.

Let the judgment be reversed and the cause remanded.