## SUCCESSION OF STAFFORD.

'Where an incidental contest arose, in·the progress.of an action for the·settlement of a partnership, as to the payment of a note to a receiver appointed by the court, which was cumulated with the main action, but had no·connection with the other matters in contest, an extract from·the record,·containing all·the proceedings relative to the note, ·will be admissible in evidence, though objected to ·as not being a complete transcript of all·the proceedings in the case, where the whole would have been attended with heavy expense, and·the nature of the case shows that there was no necessity for producing·the whole·record. *Per Curiam :* In mortuary and insolvent proceedings, which are frequently voluminous, and in which all incidental contests are cumulated, the production of the entire record has never been required in practice, and we know of no reason why it·should be.

APPEAL from·the District·Court of Avoyelles, *Farrar,* J. *Edelen,* for fho appellant. *H. ·Taylor* and *Swayze,* contrâ. The judgment·of the court ·was pronounced by

Eustis, ·C. J. The question about which the parties to this suit·are at law :is, whether a note of the deceased, for·$1,418 07, to the·order·of ·*Conner, Gridley & Co.* has been paid ? As an issue has been made as to that .fact by the ;pleadings, we do.not deem it material ·to notice any matters which the case ·presents, except as they relate·to that issue. *Whitehead,* who was.a,partner of ;the late firm of *Conner, Gridley & Co.,* is the receiver of the partnership, which ·is in liquidation,.under an appointment of ·the late court of the first district, and ·the,opposition is·filed by him ,in that ·capacity. *Conner,*had been .receiver before him, and the .fact sought to·be proved is, the payment of the note by .*Stafford* to him ; and a litigation arose between the·new receiver, *Whitehead,* :and *Conner,* concerning the sums with which *Conner* was.chargeable as receiver, .he having received certain amounts in that capacity from the debtors of the partnership. Certain proceedings and entries on;the minutes,;the judgment of ;the District Court, and;the opinion and;decree,of the Supreme Court on the appeal, which related.to this litigation in which *Conner* was·sought to be charg-,ed with this.note as having received it from *Stafford's* estate, were offered in evidence on;the trial of ·this cause in,the ·court below,; and were not received by .the court. There was judgment sustaining ;the opposition of *Whitehead,* re-,ceiver, by which he was recognised as.a creditor of the estate of *Stafford* for the amount of ·the note, and the administratrix has appealed.

The first ground on which the evidence offered was objected to ·was,·that the .record of .the proceedings.of the District Court was not .a complete record of a ·suit, but was an extract from the record of the suit ,of *Gridley & .Whitehead,* .and of *James B. Conner.* ·This .is true ; ·it was ·not. .But the proceedings in ;relation to this note ‘ appertained .to his .responsibility ·as receiver only, were ,cumulated with those,of that suit, and .had ,no.connection ·with,the rest of the .matters of contest which it .embraced. ·The controversy concerning that ·note was conducted under the title of *G. & W. .v. J. .B. C.,* which ·was one of the most contested .and .involved suits .that ·we have ever wit-

nessed, and the expense of the whole record would be too onerous on a party to require him to produce it, unless there was a necessity for it; and there appears to be none in this case. The objection, therefore, that the copy offered was not of a complete record of the principal suit, and did not show the whole evidence and proceedings had in said case, is not well taken.

In mortuary and insolvent proceedings, which are frequently voluminous, in which all incidental contests are cumulated, the production of the entire record has never, to our knowledge, been required in practice, and we know of no reason which requires their production. Greenleaf, in his treatise on evidence, states the rule as we understand it, which is the reverse of that which was acted on in the court below. See that work, vol. 1, §512.

The second objection was of the same character as the first; it was, that the record of the decree of the Supreme Court was incomplete, and between parties different from those in the present suit. The decree was made in the original suit of *G. & W.* v. *J. B. C.*, under that title, name, and number; but under it, the litigation concerning the note between *Whitehead*, the receiver, and *Conner*, was conducted.

We think the court erred in rejecting the evidence on the objections made, and that the documents D and E, offered by the administratrix, ought to have been received by the court. As to their effect in proving the fact of the payment of the note, or as to the copy of the proceedings containing all that related to the litigation relative to this note, we are not called upon to give any opinion, confining ourselves to the objections stated in the bill of exceptions.

The judgment appealed from is therefore reversed; and the cause remanded for further proceedings according to law; the appellees paying costs.