## THOMPSON vs. MANROW.

A certificate of exemplification of a judgment rendered in another state, when attested by the clerk under the seal of the court, and when the presiding judge of the court certifies that the attestation is in due form of law, is sufficient under the act of Congress of May 26, 1790, to sustain an action upon the judgment in another state.

A judgment was obtained against one John P. Manrow in the city of New York, and an action was brought upon the judgment against one John P. Manrow, in the city of San Francisco: *Held*, that the identity of the person was to be presumed.

APPEAL from the superior court of the city of San Francisco. The facts are stated in the opinion of the court.

————————, for plaintiff.

*John Chetwood*, for defendant.

*By the Court*, BENNETT, J. The action was brought upon a judgment of the court of common pleas of the city of New York.

Two points are made by the appellants; one, that the certificate of exemplification is insufficient; the other, that there is no proof that the John P. Manrow sued here is the same John P. Manrow against whom judgment was rendered in New York. I think neither position tenable.

The exemplification of the record is attested by the clerk under the seal of the court, and the presiding judge of the court certifies that the attestation is in due form of law. This is all that is required by the Act of Congress of May 26, 1790. (*Peters' U. S. Statutes, vol. 1, p.* 122; 1 *Greenleaf Ev. sec.* 504 *to* 507.)

As to the second point. The authorities establish, that, *prima facie*, John P. Manrow, against whom the judgment in New York was obtained, is the John P. Manrow now sued. (*Cow. and Hill's Notes*, 1301, and cases there cited; 1 *Greenleaf Ev. sec.* 575 *in note*.)

Judgment affirmed.