LEE'S ADMINISTRATRIX, Respondent, *vs.* LEE, Appellant.

1. Where a record is offered in evidence, to show the fact that there is a judgment, the object being to support an execution under such judgment, it is not necessary that the entire record should be offered and read in evidence. A transcript of so much of the record as will show the existence of the judgment under which the execution issued, may, in such cases, be received in evidence.

2. In an action by A., *as administratrix* of B., for a conversion of property owned by her as such administratrix : *held,* that the defendant is not entitled to set-off a debt due from the intestate, B., in his lifetime.

3. The supreme court will not, under the practice act of 1849, reverse a judgment because the inferior court, in the exercise of its discretion, permitted the plaintiff to amend his petition, and change his cause of action from one in the nature of assumpsit, to one in the nature of an action of trover ; and that, too, although the effect of such amendment may be to prevent the defendant from availing himself of a matter of set-off which he had wel pleaded to the original petition.

## *Appeal from Madison Circuit Court.*

This was an action for the conversion of certain mineral ashes of the plaintiff, as administratrix of Archelaus Lee, deceased. The defendant claimed the ashes under a purchase at an execution sale of the intestate's property. There was evidence tending to show that the ashes were purchased in by the defendant for the benefit of Archelaus Lee ; and that the said Archelaus advanced part of the consideration.

The following instructions, among others, which it is unnecessary to notice, were asked for by the defendant, and refused by the court :

"3. If the jury believe from the testimony, that there was a secret understanding between Archelaus (the plaintiff's intestate) and Giles Lee (the defendant), that he (Giles) should purchase in said ashes for the benefit of the said Archelaus Lee, then this was a legal fraud, and the parties should be left where they are, and the finding should be for the defendant.'

"4. If the jury believe from the testimony, either verbal or

written, that the mineral ashes in question were sold by the sheriff of Jefferson county under an execution in favor of Wm. and Thos. Boyd, and against Archelaus and L. H. Lee, upon a judgment of the Circuit Court of said county, in favor of said Boyds and against said Lees, and that Giles Lee purchased said ashes at said sale fairly, and paid for them, then the legal title of the same passed to the defendant; and, unless the jury further believe he afterwards sold them to the plaintiff, or parted with the title, they will find for the defendant."

The other facts of the case sufficiently appear in the opinion of the court.

*Whittelsey* and *Green*, for appellant.   1. The court erred in striking out the set-off of defendant.   The plaintiff's cause of action came to her as the administratrix of A. Lee, and accrued before his death.   The amendment of the petition could not destroy defendant's right to plead set-off.   (R. C. 1845, p. 1005, sec. 2.   *Smith* v. *Kennett*, 18 Mo. Rep. 154.)   2. The court erred in withdrawing from the jury the transcript of the record offered in evidence by the defendant.   (*Barker* v. *Miller*, 6 J. R. 195.   *Blackledge* v. *Shelton*, 7 J. R. 32. 7 Mon. 386.   3 A. K. Marsh. 452.   8 Mo. 455.)   3. The third and fourth instructions asked for by defendant should have been given.   (*Flowers* v. *Sproule*, 2 A. K. Marsh. 54.)

*Frissell, Noell* and *Pipkin*, for respondent.   1. The court did not err in excluding the transcript.   A certified copy of part of a record is inadmissible.   (*Philipson* v. *Bates' exec'r*, 2 Mo. 95.   *Sparr* v. *Wellman*, 11 Mo. Rep. 230.)

RYLAND, Judge, delivered the opinion of the court.

This was an action by the administratrix of Archelaus Lee, deceased, against Giles Lee, for the price of some mineral ashes sold and delivered to the defendant.

The defendant, Giles Lee, filed his answer denying his indebtedness to the estate of Archelaus Lee, deceased, denying his purchase of any mineral ashes or other property or goods

of Rebecca Lee or of Archelaus Lee, deceased, and also sets up in offset a debt due from the intestate to the defendant.

The plaintiff obtained leave and amended her petition. She changed her cause of action, declaring for goods of the plaintiff, as administratrix, converted by the defendant after the intestate's death. That is, the action was changed from the old action of assumpsit, as formerly known to us, into the action of trover. The defendant claimed the ashes under a purchase at an execution sale of intestate's property. After the change of the action, the court, on motion, struck out from the defendant's answer the set-off. At the trial, the defendant gave in evidence a transcript of a judgment of the Circuit Court of Jefferson county, state of Missouri, upon an appeal from a justice's court, in which it appears that William Boyd and Thomas Boyd were plaintiffs, and Archelaus Lee and Lewis H. Lee defendants. This transcript showed that the parties appeared and went to trial; there was a verdict and judgment; on this judgment an execution issued. The return of the execution shows the sale of a lot of mineral ashes, and the purchase thereof by Giles Lee. After the case was concluded, the court withdrew from the consideration of the jury the transcript of the record, on the motion of the plaintiff's counsel, because it did not purport to be the whole record in the cause.

Exceptions were taken to the various rulings of the court during the progress of the trial. The jury found a verdict for the plaintiff for five hundred and twenty dollars. A motion to set the verdict aside and grant a new trial being overruled, the defendant brings the case here by appeal.

The transcript of the record of the judgment of Boyds *vs.* Lees, in the Circuit Court of Jefferson county, was proper evidence, and it should not have been withdrawn from the jury. This presented enough of the record to be allowed admission as evidence. Here was the appearance of parties, a jury, a verdict, a judgment, and an execution and return thereon. The case was taken by appeal from a justice of the peace. There was no necessity to copy the entire transcript of the justice.

Here was enough transcribed and certified to render it evidence for the defendant.

Where the action is brought by the officer for goods taken from his possession, which he had before levied on by *fieri facias*, it is not necessary for him, in order to support his action, to offer more than the execution, and prove the levy and seizure thereunder, without a copy of the judgment even. (*Barker & Knapp* v. *Miller*, 7 Johns. Rep. 196. 7 Johns. Rep. 32.) "It is a general rule that records, when used in evidence, must be produced entire. But this rule is laid down with some exceptions and limitations. The reason assigned for it is, that the part of the record which is lacking, may give the rest a different meaning. Where a record is used as evidence, to prove the facts therein contained, the rule well applies ; but where it is only used to show the fact that there was such a judgment, then so much of the record as is relevant is frequently permitted to be used. Here, the fact to be shown was, that there was such a judgment to warrant the execution, and enough of the record is produced to establish that fact." (*McGuire* v. *Kouns*, 7 Monroe, 386.) Here, the record shows that the parties appeared, a jury trial, a verdict, a judgment and execution ; that is sufficient. The object was not to prove the contents of a record, but to show that there was a judgment, in order to support the execution. There was no necessity, then, for any more of the record being produced. "In trespass against the plaintiff of a former action, or against a stranger, or where the action is brought by a stranger, whose goods have been wrongfully taken by the sheriff under execution issued against another person, the sheriff, or his officers justifying under the process, will be held also to prove the judgment upon which it issued." (2 Greenl. Ev. § 629. *Martin* v. *Podger et al.*, 5 Burrow, 2633.) Lord Mansfield held that, where the action is brought by a stranger, the judgment must be proved, saying, " the general apprehension is, that it is necessary to produce a copy of the judgment," and the rest of the court concurred with him.

There is error, therefore, in the ruling of the court in withdrawing said record from the jury.

In regard to the instructions, those given for the plaintiff are not liable to any serious objection. The instruction asked by defendant, in regard to the sale by the sheriff, and the purchase by the defendant of the mineral ashes, upon the next trial, when the record of the judgment against the Lees in favor of the Boyds, shall be before the jury, ought to be given, or some such instruction, putting the case properly before the jury. There is nothing in the other instructions which the court refused to give worthy of our attention.

So far as regards the act of the court in permitting the plaintiff to amend her petition, by even changing her entire cause and ground of action, we cannot say that such ruling of the court is an improper exercise of discretion. These matters of amendment are peculiarly within the discretionary powers of the inferior courts, and we think justice will be promoted by a liberal exercise of this power. Such amendments are always made on terms and cannot possibly do much harm. Here, the duty of the administratrix, for aught that appears to us, may have required this amendment in order to save the assets of the estate and to have the funds properly distributed among the creditors, rather than permit one to set-off his own debt, because the form she first adopted, in seeking to recover from him, allowed of such a set-off.

Upon the whole case then before us, we think the judgment below must be reversed for the erroneous act of the court in withdrawing from the jury the record of the judgment of Boyds *vs.* Lees, above mentioned. The other judges concurring, the judgment is reversed and the cause remanded.