FROST
*v.*
WHITE.

---

## THOMAS K. PRICE et al. *v.* C. M. EMERSON.

A party claiming title to a promissory note under an order and sale made in proceedings in bankruptcy, is not bound to produce in evidence a transcript of all the proceedings.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Benjamin, Bradford & Finney*, for plaintiffs and appellants. *Durant & Hornor*, for defendant.

LAND, J. The defendant is sued as maker of three several promissory notes, payable to the order of *John McHenry*, and by him endorsed in blank.

The defendant pleaded, with other matters of defence, the want of title in the plaintiffs to the notes sued on.

On the trial the defendant offered in evidence a transcript of the record of the proceedings in the matter of the bankruptcy of *Thomas K. Price*, (the original holder of the notes,) in the United States District Court for the Middle District of Tennessee, to prove that the plaintiff, *Price*, had surrendered his interest in said notes, and that it had thus passed to his assignee in bankruptcy. To rebut this evidence the plaintiffs offered a transcript from the same court for the purpose of showing an order to the assignee to sell the choses in action of the bankrupts with their other property, and that a sale of the same had been made to *A. W. Johnson*, one of the plaintiffs in this suit.

To the introduction of this evidence the defendant objected on the ground, that the transcript did not purport to be a complete and perfect record of the proceedings in bankruptcy, but only contained extracts from the same. This objection was sustained by the court, and the plaintiffs excepted.

The District Judge erred. It was held by this court in the case of the *Succession of Stafford*, 2 An. 886, that in mortuary and insolvent proceedings the production of the entire record has never been required in practice, and that there is no reason why it should be.

A party claiming title to a promissory note, under a decree and judicial sale, is not bound to produce in evidence the whole of the record. *Wilson* v. *Munday*, 5 L. 483.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded for further proceedings according to law, with instructions to the District Judge to receive in evidence the transcript offered by the plaintiffs. And it is further ordered, that the defendant pay the cost of this appeal.