GLASARIAN CLARK AND HUSBAND *v.* PAULINE HÉBERT, Widow KIRK-
LAND, as Tutrix, &c.

In order to annul a judgment, a direct action of nullity must be instituted in the same court which
has rendered the judgment—but when an action is made the basis of another action in another
court, the party sued may plead in defence nullity arising from the want of proper parties.

Where a party intends to avail himself of a decree as an adjudication upon the subject-matter in con-
troversy, and not merely to prove collaterally that the decree was made, he must show the pro-.
ceedings upon which the decree was founded, the whole record which concerns the matter in ques-
tion ought to be produced.

APPEAL from the District Court of the Parish of West Baton Rouge, *Beale, J*.
George L. *Bright* and *McCutchin & Stewart*, for plaintiff and appellant.
*Barrow & Pope*, for defendant.

BUCHANAN, J. This is a suit upon a judgment rendered in another parish,
than the one in which the present suit is instituted.

Plaintiff and appellant objected to an amended answer filed by the defendant
on the grounds :

1st. That the said amended answer attacks a judgment rendered in another
court.

2d. That the allegations of the amended answer are inconsistent with those of
the original answer.

On the first ground : a direct action of nullity must be instituted in the same
court which has rendered the judgment—but when an action is made the basis
of another action, in another court, the party sued may plead in defence, such
nullities as are here pleaded.

On the second ground : we agree with the Judge below, that the pleas of the
two answers are not inconsistent.

Plaintiff excepted to a second amended answer, on the same grounds as above
stated, and on the further ground, that the judgment, which is the basis of the
present action, constitutes *res judicata* between the parties to this suit.

The last ground was properly overruled. It constituted no reason for exclud-
ing the amended answer, which sat up various claims against the minor for pay-
ments made on her account by her tutor, *Vincent Kirkland*.

It might, possibly, have been a good ground for excluding evidence under the
said amended answer, had the judgment been given in evidence. It would then
have appeared whether the conditions of the presumption of the thing adjudged,
as defined in Article 2265 of the Code, existed, in reference to the claim set up
in the second amended answer.

But the judgment in question is not in evidence in the cause, having been ex-
cluded by the District Court, for reasons which form the subject of the third of
the plaintiff's bill of exceptions, which is as follows :

The plaintiff offered in evidence a copy of the judgment of the District Court
of the parish of Livingston, and of the *fi. fa.* issued thereon, which are the
foundation of this suit ; to which the defendant objected, upon the ground that
a judgment of another court could not be given in evidence, without the pro-
duction of the whole record—which objection was sustained by the court, and
the evidence was ruled out ; to which ruling, an exception was taken.

The appellant's counsel urges in support of this bill of exception, the decisions of this court in *Stafford's Succession*, 2 An. 886, and *Price* v. *Emerson*, 14 An. 141 ; in which cases, it was held that the production of the entire record of mortuary and insolvent proceedings is not necessary.

But it must be observed, that in the cases cited, the party offered a portion of such proceedings, merely to prove an isolated fact in the proceedings, not at all involving the whole settlement of the insolvent or intestate estate under administration. Whereas, it seems that the judgment against plaintiff's tutor, was but the compliment or consummation of the whole administration of the ancestor of defendants, for which they are sought to be made liable, and that the rule in 1 Greenleaf, section 511 is applicable.

The general rule, says that author, is, that when a party intends to avail himself of a decree, as an adjudication upon the subject-matter, and not merely to prove collaterally that the decree was made, he must show the proceedings upon which the decree was founded. " The whole record," says Chief Baron Comyns, " which concerns the matter in question, ought to be produced." We find no error in the ruling of the court below.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

LAND, J., absent.