## Nancy Hargis v. Enoch L. Morse.

1. Jurisdiction; *Judgment; Service.* Jurisdiction of the person of a defendant is essential to the validity of a judgment against him.

2. ———— *Presumption; partial record.* The presumption in favor of the proceedings of a court of general jurisdiction, will not arise when it appears that only a part of the record is offered.

### *Error from Doniphan District Court.*

Ejectment for a tract of land in Doniphan county, claimed by *Morse,* who proved title in himself by patent and deed. *Hargis* claimed title as purchaser under a sheriff's deed executed on a sale of the lands under a judgment and execution against *Morse.* In support of her defense, *Hargis* made proof of the loss or destruction of a part of the record upon which she relied, and then offered the other portion in evidence. The particular papers, etc., so offered, are stated in the opinion of the court. The district court rejected the evidence so offered, and defendant now brings the case here on error.

*Albert Perry,* for plaintiff in error:

1. The judgment in the case of Strode against Morse was a judgment of a court of general jurisdiction; and having jurisdiction over the subject-matter of the suit, the presumption is in favor of jurisdiction. The judgment being set up by the defendant below it was incumbent upon the plaintiff to impeach it, if it could be done, in that proceeding. *Butcher v. Bank of Brownville,* 2 Kas., 70.

2. To impeach the judgment in the case of Strode against Morse, in this case, is to impeach it in a collateral proceeding; and this cannot be done; 2 Ohio St., 265,

270; 13 Ohio St., 446; 15 Ohio, 242, 466; 18 Ohio, 330, 546; 4 McLean, 262; 2 How., 319; 10 Peters, 473.

3. The journal entry in case of Strode against Morse showed that the court had passed upon the service of notice and found that Morse had been served.

A purchaser at a sheriff's sale is bound to look no further back than the order of the court made in the proceeding which the law had empowered it to entertain. *Sheldon v. Newton*, 3 Ohio St., 494; 5 Dana, 576; 3 Scam., 8.

*Otis & Glick*, for defendant in error:

1. The journal entry in Strode v. Morse does not show legal service. The *contents* of the notice do not appear; nor for what length of time, nor at what particular times the said notice was published. Code of 1862, Comp. Laws, § 80. The motion was required to be published "for six consecutive weeks," in a newspaper of "general circulation" in the county. It must "state the object and prayer of the petition," etc., and notify the defendant when he is required to answer. And by § 81, proof of publication is to be made by affidavit. The journal entry does not show any of these matters; nor does it show that the court examined the notice and proof, and passed upon their sufficiency.

It thus appears at the very outset by the first proof offered by plaintiff in error, that the record or judgment relied on was void for want of service. There being no service in the action, all proceedings therein are void. This is the settled law by this court: *Repine v. McPherson*, 2 Kas., 340; *Case v. Hannahs*, id., 490. Civil Code, § 613. See also, 16 Ohio, 271; 10 Iowa, 305; 10 Wis., 502, 563; 13 id., 569; 14 id., 28; 52 Me., 458; 14 How., 334; 3 Zabr., 123.

2. No offer was made to show the contents of the papers and records destroyed; and the sheriff's deed, the journal entry, and all of the papers offered were properly rejected.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought ejectment against plaintiff in error. Upon trial he proved title by patent and deed. Defendant in error attempted to show a transfer of title to herself by judgment, sale, and sheriff's deed. The evidence she offered was rejected, and this ruling is brought here for review. She offered the journal entry of judgment in the case of " William H. Strode v. Enoch L. Morse," in the Doniphan county district court, the order and the confirmation of sale, the appraisement, and the sheriff's deed. Each was rejected on the ground that no legal service was shown to have been made in that action upon the defendant Morse. It is not claimed that there was any proof of service. The only testimony which could in any degree have any bearing in that direction was the testimony of the clerk of the district court, that, by fire in 1867 the files of all cases disposed of, among them the case of " Strode v. Morse," were burned; and the first sentence in the journal entry of judgment, which contains these words : " the defendant still failing to answer or demur, although duly served by publication in the Troy Weekly Investigator, a weekly newspaper published in Doniphan county, and State of Kansas." The testimony of the clerk tended neither to prove nor disprove the fact of service ; at most it simply laid the foundation for secondary evidence. The journal entry disclosed the manner in which service had been attempted to be made. A judgment rendered

Hargis v. Morse.

against a party not in court is void. It conveys no title, affects no rights. The title shown by the patent and deed in Morse could not be transferred by any judgment against him unless rendered in a court which had acquired jurisdiction of his person. Until such jurisdiction appeared, neither judgment, sale, nor deed were competent evidence: 2 Kas., 340. Neither is the difficulty avoided by the presumption which exists in favor of the proceedings in courts of general jurisdiction. That presumption arises only when the record is silent; it does not supersede the record. A party may not introduce part of a record, and relying on presumptions, withhold the remainder. In this case the plaintiff in error commenced her testimony with the entry of judgment. True, she proved that the files of the case were destroyed by fire ; but she made no attempt to prove what those files contained. The final record required by the laws of 1862 should contain the pleadings, the process, the return, etc.: Comp. Laws, p. 189, § 402. In the absence of proof to the contrary we must presume such record was made, and was still in existence. If there was no final record, the files of the newspaper would have contained the secondary testimony, or it might have been derived from the officers of the court, the parties, or attorneys in the case. At any rate, until it appears, not merely that the papers are gone, but also that there is no secondary proof of their contents, there is no presumption, even in favor of the proceedings of a court of general jurisdiction, from the existence of one part of a record that the remainder would, if produced, contain the facts necessary to give the court jurisdiction. This case never got so far as a question of presumptions; it stopped on a question of evidence. The judgment is affirmed.

All the Justices concurring.