Haynes v. Cowen.

---

## GEORGE G. HAYNES v. W. R. COWEN.

1. FOREIGN JUDGMENT; *Portion Only of Original Record, as Evidence.* A duly-authenticated copy of a judgment entry, from a court of record possessing general original jurisdiction, may, in some cases, be introduced in evidence, without introducing the rest of the record.

2. ———— Where such judgment entry shows that a judgment sufficiently correct in form was rendered by the court, and shows that the court rendering the judgment had jurisdiction of all the necessary parties, it must be held that such judgment entry shows *prima facie*, at least, a valid judgment.

3. ———— *Attestation by Clerk; Judge's Certificate.* Where a judicial record comes from a court of another state to this state, and is attested by the clerk of said court, with the seal thereof annexed, all that is

further necessary to make the attestation sufficient is, that the presiding judge of the court rendering the judgment shall certify that the "attestation is in due form." And hence, in such case, when the presiding judge of a district court of Texas certifies to this much, and a great deal more, and says, in his certificate, which is dated about five months after the clerk's certificate is dated, that the person who attests the record "is the clerk of said district court," without saying that such person was such clerk at the time of the attestation of the record, *held,* that such attestation and certificate are sufficient.

4. ———— *Authentication by Presiding Judge.* Where such record is the record of a judgment rendered by the district court of Caldwell county, Texas; and the clerk in his attestation designates himself as the clerk of the district court of Caldwell county, Texas; and the judge commences his certificate by saying, "State of Texas, county of Caldwell," and designates himself as "presiding judge of the 22d judicial district in said state of Texas," and certifies that the person who attests as clerk "is clerk of said district court of the 22d judicial district within and for the said county of Caldwell," etc., *held,* that this sufficiently shows that the said judge is the presiding judge of the court that rendered the judgment.

5. PLEADING; *Allegations of Time; Clerical Error.* Where a plaintiff who sues on a judgment states in his petition that the judgment was rendered April 15th 1872, at a term of the court begun and held April 18th 1872, but in these allegations does not attempt to recite the record, the allegations of time are immaterial, and the plaintiff may, under such allegations, show that the judgment was rendered April 18th 1872.

[6. For other questions, including a correction of the decision in *Hargis v. Morse,* 7 Kas. 415, see the two opinions of the court, *infra,* pp. 642, 645.]

### *Error from Riley District Court.*

COWEN brought suit upon a foreign judgment, and recovered judgment thereon, at the September Term 1873, for $161.07, and costs. *Haynes,* defendant, brings the case here on error.

*H. G. Barner,* and *Williams & Burns,* for plaintiff in error.

*Green & Hessen,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Cowen against Haynes, upon a judgment rendered by the district

· court of Caldwell county, Texas. Said judgment was ren-
dered in an action wherein said Cowen was plaintiff, and one
John N. Whittington was defendant. That portion of the
judgment more particularly applicable to this case reads as
follows: "And it appearing to the court, from the answer of
George G. Haynes filed in this suit, that the said Haynes is
indebted to the defendant Whittington in the sum of $146.54,
coin, it is therefore ordered and adjudged by the court, that
the plaintiff W. R. Cowen do have and recover of and from
George G. Haynes, as garnishee, the sum of $146.54 in coin."
The record of the judgment was attested by the certificates
of the clerk and judge, as follows:

STATE OF TEXAS, CALDWELL COUNTY:

I, JAMES A. WILEY, clerk of the district court of said
county, certify that the foregoing is a true copy of a judgment
rendered by the district court of said county on the 18th day
of April 1872, in the case of W. R. Cowen plaintiff vs. John
N. Whittington, T. J. Lee, and R. A. Brown, and Alvin
Haynes and George G. Haynes garnishees. Given under my
hand, and the seal of the court, this December 2d, 1872.

[SEAL.]                    JAS. A. WILEY, *Clerk D. C., C. Co.*

STATE OF TEXAS, COUNTY OF CALDWELL:

I, HENRY MANNY, presiding judge of the 22d judicial
district in said state of Texas, do hereby certify, that James
A. Wiley, whose signature appears to the foregoing certificate
of authentication, is the clerk of said district court of the
22d judicial district, within and for the said county of Cald-
-well; that he has the custody of the records of said court;
that said certificate of authentication is in due form of law,
and that the signature of the said James A. Wiley, to said
certificate, is his genuine signature, and entitled to full faith
and credit. In testimony whereof, I have hereunto set my
hand and the seal of said court, this 5th of May 1873.

[SEAL.]                         HENRY MANNY,
             *Judge of the 22d judicial district of Texas.*

At the trial of this case — which was before the court be-
low, without a jury — the foregoing attested copy of the
record of said judgment was read in evidence, over the
objection of the defendant below, and upon this evidence
the court below found in favor of the plaintiff and against

the defendant, and rendered judgment accordingly; and the defendant below, as plaintiff in error, now brings the case to this court. In considering this case we shall follow the brief of plaintiff in error.

I. The plaintiff in error says in his brief: "The paper read in evidence by defendant in error, in the court below, to which plaintiff in error excepted, is only a copy of a judgment entry, and does not purport to be and is not a record of the proceedings of any court." It is true, that "the paper read in evidence," "is only a copy of a judgment entry;" but it is not true that it does not purport to be the record of the proceedings of any court. It does purport to be a record of proceedings of the district court of Caldwell county, Texas. It commences as follows:

"STATE OF TEXAS, CALDWELL COUNTY. Be it remembered, that on the 18th day of April, 1872, the following proceedings were had in the district court of Caldwell county, Texas, viz.:

"*W. R. Cowen vs. John N. Whittington.*— No. 1317.— In this cause came the plaintiff, by attorney, and announced himself ready for trial," etc.

Then follows a proceeding with reference to Martha Whittington, intervenor, who appears and withdraws her plea of intervention. Then follows a judgment in favor of the plaintiff Cowen, and against John N. Whittington, T. J. Lee and R. A. Brown, on an instrument in writing which is set out in the record. And the record shows that they all had "been legally cited to appear and answer this suit." Then follows a judgment in favor of the plaintiff Cowan, and against Alvin Haynes, garnishee. Then follows a judgment in favor of the plaintiff Cowen, and against George G. Haynes, garnishee, a copy of which judgment we have already given. And then follows a proceeding with reference to some attached property. The proper objection to the introduction of this record in evidence would probably have been, that it is not a full and complete record of all the proceedings in the case. But even this objection would not be tenable. As we understand the law, a part of the record of a case may

sometimes be introduced in evidence. A record of a case is often divisible into many distinct parts, and each part is substantially a record of itself. And when the record is so divisible, any distinct portion thereof may be introduced in evidence, if relevant, without introducing the other portions of the record. *Chinn v. Caldwell,* 4 Bibb, (Ky.) 543; *McGuire v. Kouns,* 7 Monroe, 386; *'Lee v. Lee,* 21 Mo. 531, 534; *Lock v. Winston,* 10 Ala. 849; *Smith v. McGhee,* 14 Ala. 404; *Henderson v. Cargill,* 31 Miss. 367, 413, 414. Indeed, it would seem useless and unnecessary, or even worse than useless and unnecessary, to introduce in evidence such portions of the record as may be entirely irrelevant to the case. Of course, where the record is indivisible, one portion of the same cannot be introduced without introducing the whole of it. And probably, as a rule, no portion of a record should be allowed to be introduced for the purpose of proving a particular fact, without requiring that all of the record which tends to prove or disprove this particular fact should also be introduced. But this to a great extent must rest in the sound judicial discretion of the court trying the cause. We think the court below did not err in allowing said judgment to be introduced in evidence.

But the next question arising is, what force and effect must be given to it? Now, we shall assume that the court rendering the judgment was and is a court of record, having general original jurisdiction. The name of the court, the seal thereof, there being a clerk, a sheriff, and a presiding judge, the body of the record, and the attestation, all indicate it; the constitution and laws of Texas, and the supreme court reports of that state, show it; and the plaintiff in error has made no point that it is not such a court, or that it has not such jurisdiction. (For a discussion of substantially the same questions in another case, see *Dodge v. Coffin,* ante, pp. 277, 280, 283.) Now for the purpose of determining the force and effect of this judgment, we must look to the record itself; and as it constitutes only a portion of the record of the case in which it was rendered, we think it cannot prove

more than it purports to prove. No liberal presumptions can be entertained or resorted to for the purpose of supplying omissions, aiding deficiencies, or extending the import of its language. It is only when the whole of the record is introduced in evidence, that liberal presumptions can be invoked to aid the record. (*Hargis v. Morse*, 7 Kas. 415; *Ogden v. Walters*, 12 Kas. 283, 292.) But the record we are now considering has no need of aid from liberal presumptions. It of itself shows that a judgment, sufficiently correct in form, was rendered by the court. And it of itself shows that the court rendering the judgment had jurisdiction of all the necessary parties. This shows the judgment to be at least *prima facie* valid. (Freeman on Judgments, § 130.) The defendant Haynes gave to the court jurisdiction over himself by filing his answer as garnishee. If the record of the judgment had failed to show that the court had jurisdiction of the parties, then it would have been necessary for the plaintiff Cowen to have introduced some other portion of the record for the purpose of showing that fact, or the judgment would be held to be void. But as the record of the judgment itself showed jurisdiction of the parties, at least *prima facie*, it was unnecessary for the plaintiff Cowen to introduce other evidence tending to show the same fact until his *prima facie* showing should be controverted by other evidence. There was no evidence introduced tending to impeach the validity of said judgment, and therefore we must hold it to be valid.

II. In the second place the plaintiff in error says, "the clerk's attestation was made December 2d 1872, and the judge's certificate on May 5th 1873; and the certificate nowhere shows that the clerk was on December 2d 1872 — the time of the clerk's attestation — the clerk of said court; the certificate of the judge is therefore insufficient." Perhaps from the whole of the judge's certificate it may be gathered that the clerk was clerk on December 2d 1872. But even if it cannot, it makes no difference. The act of congress does not require or even authorize the judge to certify who is clerk.

*Duncommon v. Hysinger,* 14 Ill. 249; *Thompson v. Manrow,*
1 Cal. 428; *Regan v. McCormick,* 4 Harr. (Del.) 435; *Craig
v. Brown,* 1 Peters C. C. 352; *Gavitt v. Snowhill,* 26 N. J.
Law, (2 Dutcher) 76; *Strode v. Churchill,* 2 Litt. (Ky.) 75;
*Ferguson v. Howard,* 7 Cranch, 408. The act of congress
provides that, "The records and judicial proceedings of the
courts of any state, shall be proved or admitted in any other
court within the United States, by the attestation of the
clerk, and the seal of the court annexed, if there be a seal,
together with the certificate of the judge, chief justice, or
presiding magistrate, as the case may be, that the said attest-
ation is in due form. And the said records and judicial pro-
ceedings, authenticated as aforesaid, shall have such faith and
credit given to them in every court within the United States,
as they have by law or usage in the courts of the state from
whence the said records are or shall be taken." (1 U. S. Stat.
at Large, 122.) Upon this subject the supreme court of
Illinois says: "In this case, the clerk has certified a tran-
script of the proceedings under the seal of the court; and
the presiding judge of the court has certified that the attesta-
tion is in due form. This is a full compliance with the
requirements of the law. The judge has only to certify that
the attestation is in due form. He is not required to state
that the person who certifies the record is the clerk of the
court, or that the seal attached by him is the seal of the
court. The seal speaks for itself, and is presumed to be
affixed by the officer having the custody thereof, as well as
competent authority to do the act. The phrase, 'in due
form,' means the mode of attestation in use in the state from
whence the record comes. The record must be attested ac-
cording to that mode; and the certificate of the judge is
made the evidence of that fact. This is the only object of
his certificate. When a record is attested by the clerk, under
the seal of the court, in conformity to the law or usage of
the state where the proceedings are had, it is entitled to the
same faith and credit in every other state." (*Duncommon v.
Hysinger,* 14 Ill. 250.) It is not an uncommon thing for

the judge's certificate to be dated one or more days subsequent to the clerk's certificate, and yet we know of no case where the attestation has been held void for that reason. We think the attestation in this case is sufficient.

III. But it is claimed by plaintiff in error, that "the certificate of the judge does not show him to have been the judge of the court rendering the judgment." Now the judgment was rendered by the district court of Caldwell county, Texas. The clerk, in his attestation, designates himself as the clerk of the district court of Caldwell county, Texas. The judge commences his certificate by saying, "State of Texas, County of Caldwell;" he designates himself as "presiding judge of the 22d judicial district in said state of Texas;" and he certifies that the person who attests as clerk "is the clerk of said district court of the 22d judicial district, within and for the said county of Caldwell," etc. This we think clearly shows that the judge is the presiding judge of the district court for Caldwell county. He is presiding judge for the whole of the 22d judicial district, and it is shown that a clerk of said district is the clerk of the court "within and for" the whole of said county. Now, he could not be the clerk of the court of said district "for the said county," if the district does not embrace the whole of said county within its limits.

IV. Plaintiff in error next complains, that, "the plaintiff in the court below declares on a judgment rendered on April 15th 1872, at a term of the court begun and held April 18th 1872," these averments in the petition of the plaintiff below do not purport to be recitals of the record. They are mere allegations of time; and while they show carelessness on the part of the pleader, still they are not such material allegations as require that they be proved as laid. Under them the true time may be shown; and it was shown that the judgment was rendered April 18th 1872.

V. Plaintiff in error further complains, that, "the paper purports to be in a case against Whittington only, by its caption, and is therefore uncertain as to who were the parties

to the suit." The caption plainly enough shows that Cowen was plaintiff, and that Whittington was a defendant; and so does the body of the judgment. And the body of the judgment also shows that the plaintiff in error, Haynes, was *a garnishee* in the suit, owing Whittington $146.54. This we think is sufficient.

VI. Plaintiff in error finally and lastly complains, that "it nowhere appears that Haynes was made garnishee in the case, or what he answered." We think it does; and the substance of his answer is given.

The judgment of the court below will be affirmed.

KINGMAN, C. J., concurring.

BREWER, J.: I concur fully in the decision in this case, and simply desire to add a few words to correct an error in the opinion in the case of *Hargis v. Morse*, 7 Kas. 415. The point upon which that case was decided was, that "The presumption in favor of the proceedings of a court of general jurisdiction will not arise when it appears that only a part of the record is offered." Perhaps that, as a general proposition, is correct. But in the opinion it appears that the journal entry of the judgment contained an adjudication upon the sufficiency of the service. The court found that the defendants were "duly served by publication," etc. Now, in that opinion this finding and adjudication were ignored, and held in fact no evidence or service, not even *prima facie*. In this there was error. That finding and adjudication were *prima facie* evidence of the fact of service. This seems to be settled by the great weight of authority, and is in harmony with the policy of the law to uphold the proceedings of courts of general jurisdiction. Indeed, in not a few states such a finding and adjudication are deemed conclusive evidence, and can no more be attacked collaterally than the adjudication of the court upon the facts in dispute. We hold it to be *prima facie* evidence only; but whether it can be impeached by testimony outside of the record, we leave for further consideration. I am authorized to say that the other

justices concur in this opinion. See as among the many authorities bearing on this question, *Morgan, Lessee, v. Burnett,* 18 Ohio, 546; *Lessee Fowler v. Whiteman,* 2 Ohio St. 270; *Callen v. Ellison,* 13 Ohio St. 456; *Wetherill v. Stillman,* 65 Penn. St. 105; *Hahn v. Kelley,* 34 Cal. 391; *Riley v. Lancaster,* 39 Cal. 354; *Coit v. Haven,* 30 Conn. 199; Freeman on Judgments, 102, § 130.