STAPLETON, appellant, *v.* PEASE, respondent.

EVIDENCE — *statement of discovery of quartz lode — identity of names and persons.* In this action by S. to recover a quartz lode from P., S. offered in evidence a paper purporting to be the original declaratory statement, signed by the discoverer of the lode and sworn to before W. P., the county recorder. P. called as a witness W. P., who testified that his signature to the jurat of the statement was not genuine. S. then proved that he had sent the original statement to the land office in Helena, Montana, and offered in evidence a certified copy of the statement by the county recorder. S. claimed that he was surprised by the testimony of W. P., and that P. did not prove that the witness, W. P., was the county recorder, W. P. *Held*, that the production of the original statement was required at the trial, and that S. could not offer in evidence a copy thereof. *Held*, also, that the identity of the names of W. P., the witness, and W. P., the county recorder, is *prima facie* evidence of the identity of their persons

*Appeal from Second District, Beaverhead County.*

THE judgment was entered by KNOWLES, J.

SHARP & NAPTON and A. E. MAYHEW, for appellant.

The declaratory statement is only collateral evidence in ejectment. Parol evidence of its contents or a copy is admissible. 1 Greenl. Ev., §§ 87, 498 ; Cod. Sts. 401, § 29. The signature of the officer is only collateral to the fact that the party swore to the statement. The so-called copy was offered to prove this fact. 1 Greenl. Ev., § 86, *et seq.*

It was not shown that the statement was not a duplicate. The court could not presume that the William Peck, who swore it was not his signature, was the officer who signed the statement. The main fact is the record of the statement. Sts. 9th Sess. 127. This was proved.

Respondent, by admitting the statement without objection, waived any right to compel appellant to produce the best evidence. Appellant lost control of the statement by sending it to the land office and a copy would be admissible. Appellant established a *prima facie* case by introducing the statement without objection.

The main facts are admitted in the exceptions; that the document was a duplicate so far as the description of the property is concerned; the signature of the discoverer of the property; the certificate of the record; that the discoverer was sworn, but the officer failed to sign both duplicates. The lack of the signature of the officer does not destroy the substantial facts.

CHUMASERO & CHADWICK and C. W. TURNER, for respondent.

Appellant could not recover without proving that the declaratory statement had been made before the proper officer. Sts. Ex. Sess. 83, § 1. Appellant did not show that any statement had been made, but proved that some statement had been sent to Helena, Montana. The paper offered in evidence was not a duplicate. The testimony of Peck showed that his signature was not genuine.

The record offered was secondary evidence, if any thing. No foundation was laid for its introduction. Cod. Sts. 401, § 29; 1 Greenl. Ev., §§ 84–88, and cases cited.

Appellant offered the statement as the original. The recorder testified that his signature was not genuine. When the names are the same, it is presumed that the persons are identical until the contrary is shown, and appellant must show that there are two persons of the same name. 1 Greenl. Ev., § 575; *Thompson* v. *Manrow*, 1 Cal. 428; *Douglas* v. *Dakin*, 46 id. 49; *Garwood* v. *Garwood*, 29 id. 520; *Carleton* v. *Townsend*, 28 id. 221; *Mott* v. *Smith*, 16 id. 540, 554; *People* v. *Smith*, 45 N. Y. 772; *Hatcher* v. *Rocheleau*, 18 id. 86; *Jackson* v. *King*, 5 Cow. 239.

WADE, C. J. This is an action by the appellants to recover the possession of a certain quartz lode in the Bryant district, Beaverhead county, known as the Phoenix lode. The respondent claims the same property under the name of the Mark Antony lode.

The statute concerning the location and recording of mining claims on veins or lodes, provides that "any person or persons who shall hereafter discover any mining claim upon any vein or lode, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, shall, within twenty days thereafter, make and file for record in the office of the recorder of the county in which said discovery is made, a declaratory statement thereof in writing, on oath, before some person authorized by law to administer oaths, describing such claim in the manner provided by the laws of the United States." Sts. Ex. Sess. 83, § 1. The person asserting title under this statute must produce in evidence the original declaratory statement, duly signed and sworn to, or, in case the same be lost or not within his power, the record thereof, or a transcript of such record duly authenticated.

The appellants, to establish their title to the property in question, introduced in evidence, without objection, a paper purporting to be an original declaratory statement, which was signed by the discoverer and sworn to before William Peck, county recorder. They further proved the discovery of a vein of silver with well-defined wall rocks, their possession and ouster by the respondent, and rested. The respondent introduced testimony tending to establish his title to the property, and called William Peck, as a witness, who testified that his signature to the jurat to the declaratory statement was not genuine. It was in evidence that William Peck was the recorder of Beaverhead county at the date of the statement. The appellants then proved that they had sent the original declaratory statement of the Phoenix lode to the land office at Helena, Montana; that they had a correct copy thereof duly certified by the county recorder, and then offered the same in evidence; and that they were taken by surprise by the testimony of Peck. It is stated in the bill of exceptions that the respondent did not prove that William Peck, who testified, was the William Peck who was the county recorder at the time the statement was made.

The court thereupon rendered judgment against the appellants, who prosecute this appeal to reverse the same.

The following facts are conclusively shown: That the declaratory statement, introduced in evidence by the appellants and on which they rest their case, was not an original document; that the original was not lost, and that it was under the control of the appellants. Under this state of facts, no copy, record or transcript thereof, could be received in evidence. The appellants contend that, as the respondent offered no evidence tending to show that the William Peck who testified as to his signature was William Peck, the county recorder, there was no proof that William Peck, the recorder, did not sign the jurat to the declaratory statement. No such proof was necessary. Identity of names is *prima facie* evidence of the identity of persons. 2 Phil. Ev. 606, notes *c, h, e ;* 1 Greenl. Ev., § 575 ; *Thompson* v. *Manrow,* 1 Cal. 428 ; *Mott* v. *Smith,* 16 id. 535 ; *Carleton* v. *Townsend,* 28 id. 219 ; *Garwood* v. *Garwood,* 29 id. 514 ; *Douglas* v. *Dakin,* 46 id. 49 ; *Hatcher* v. *Rocheleau,* 18 N. Y. 86 ; *People* v. *Smith,* 45 id. 772. The burden of proof was upon the appellants, if they disputed the identity of William Peck, the witness, and William Peck, the recorder, to establish the fact. But after showing, by their own proof, that the original paper was at the land office, and there by their own act, and there being nothing to show their inability to produce it in evidence at any time when required, we cannot see much force in the objection that William Peck, the recorder, was not properly identified.

The purpose for which the original declaratory statement was sent to the land office is not disclosed. No attempt was made to show that it had passed beyond the reach of the appellants, and, for all that appears in the record, it remained there under their absolute control. If the paper was required to remain in the land office for the purpose of procuring a patent, or any other lawful object, and the appellants were unable to produce it, an authenticated transcript of the record from the proper officers of the land office would have been admissible in evidence. No attempt was made to lay this foundation for the introduction of secondary evidence, and the certified transcript of the record was properly excluded.

The appellants declare that they were taken by surprise at the testimony of Peck, but they did not ask for a continuance of the case for this reason.    And they were not entitled to a continuance. Having the original document upon which they rested their title under their control, they should not·have been surprised when its production was required by the court.

*Judgment affirmed.*