# Adams *v.* Olive.

### *Action on Injunction Bond.*

1. *Evidence ; what admissible.*—Though a party relying upon a former decree as an adjudication of the subject matter, must produce the whole record that the court may be able to construe the decree in the light of all the proceedings on which it is founded ; yet, if the only point of inquiry is the existence of the decree, an exemplification of the decree alone is sufficient, without proof of the other proceedings.

2. *Reversal ; what not ground for.*—Where parol testimony of the contents of a bill and answer is unnecessary or superfluous, its introduction, even if erroneous, will furnish no ground for reversal

3. *Evidence ; what admissible.*—When there are two causes between the same parties, it is permissible to show by parol in which of these causes a decree offered in evidence was rendered.

APPEAL from Barbour Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellee, James Olive, brought this action against the appellant, Harmon Adams, and the sureties on a bond given by him to secure an injunction in a cause then pending between them in the Chancery Court of Henry county. On the trial, he offered in evidence a certified copy of the decree of the Chancellor dissolving the injunction, which had been granted on the execution of the bond. The defendants objected to the introduction of this decree, on the ground that " it was only a fragment of the whole record of the Chancery Court of the case of *Harmon Adams v. James Olive*, in which

[Adams v. Olive.]

said injunction bond had been executed, and because plaintiff did not offer the whole record in evidence." The court over-ruled this objection and allowed the decree to be read in evidence, and the defendants excepted. One Oates was then allowed to testify, against the objection and exception of defendants, that he and the Register in Chancery for Henry county had diligently searched for the papers in the register's office and could not find them. This witness further testified that he could not state all the contents of the lost papers in said chancery cause, but that he could state the substance of the bill and answer. This witness further stated that there was another case of the same name then pending in the Chancery Court; that the docket of said Chancery Court and the minutes thereof were neatly and correctly kept during the pendency of the chancery suits of *Adams v. Olive*, and that said docket and minutes were all in existence and then in the office of the Register in Chancery for Henry county. Said Oates then offered to prove by his oral evidence that the decree which had been admitted in evidence was rendered in the first mentioned cause of *Adams v. Olive*, and identified it orally as the decree dissolving the injunction, which had been rendered in the first mentioned suit, and that he knew that the decree introduced in evidence was rendered in the identical case in which the bond was given. The defendants objected to this evidence to identify the decree, because the docket and minutes of the Chancery Court were higher and better evidence of the facts proposed to be proven by the witness. The court overruled this objection, admitted the evidence, and the defendants excepted.

The rulings to which exceptions were reserved are now assigned as error.

JOHN A. FOSTER, and J. M. BUFORD, for appellants.—The decree should not have been admitted; it was but one part of the record in the case, and the whole record should have been introduced.—14 Ala. 404. The evidence of Oates as to the contents of the bill and answer was clearly inadmissible. Parol evidence of their contents could only be permitted after their loss had been properly shown. He was not the custodian of the papers, and the loss of a paper cannot be proved by another in the absence of the legal custodian, unless some good reason be shown for his absence.—8 Por. 529; 9 Ala. 391, 803; 11 Ala. 266; 28 Ala. 250. It was therefore not legally proved that the papers were lost, and in the absence of this proof it was error to admit parol evidence of their contents.—5 Ala. 435; 9 Ala. 662; 2 Ala. 58; 42 Ala. 589; 30 Ala. 113; 41 Ala. 419; Brick. Dig. § 712, page 853.

[Adams v. Olive.]

The records which were not lost were sufficient to show in what case the decree was rendered. No excuse is shown for their absence, and to admit parol testimony on this point is to abrogate the salutary rule that the best evidence must be introduced to prove a fact.—See 30 Ala. 527 ; 8 Por. 529 ; 28 Ala. 250 ; 1 Greenl. Ev. § 84, and note.

W. C. Oates, *contra.*

BRICKELL, C. J.—The only objection made to the introduction of the exemplification of the decree of the Chancellor dissolving the injunction, was, that it was but a part of the record, or as it is expressed in the bill of exceptions, *a fragment of the whole record of the Chancery Court.* The only fact to be ascertained in the present case, was the existence of that decree. On its rendition, the condition of the bond was broken, subjecting the obligors to liability for such damages as any person had sustained by the wrongful suing out of the injunction.—Code of 1876, §§ 3869–71. A party relying upon a former decree, as an adjudication upon the subject matter, must produce the whole record of the proceedings, that the court may be able to construe the decree in the light of all the proceedings on which it is founded.—*Smith v. Mc-Gehee,* 14 Ala. 404 ; 1 Greenl. Ev. § 511. But when the only matter to be ascertained is the existence of the judgment or decree, an exemplification of it is of itself sufficient without proof of the other proceedings.—*Locke v. Winston,* 10 Ala. 849 ; 1 Greenl. Ev. § 511. The objection was therefore properly overruled.

The parol evidence of the contents of the bill and answer was unnecessary and superfluous, and its introduction, if erroneous, does not authorize a reversal.—*Fant v. Cathcart,* 8 Ala. 725 ; *Jemison v. Dearing,* 41 Ala. 283.

It was permissible to prove by parol the identity of the decree.—2 Whart. Ev. § 988.

Affirmed.