## OLIVER v. GIMBEL.

No. 2586.   Opinion Filed April 29, 1913.

(132 Pac. 144.)

1.   PLEADING—General Denial.   Under the Code procedure a general denial is equivalent to a plea of nul tiel record at common law.

2.   EVIDENCE—Certified Copy of Judgment.   Where it is only sought to prove contents and existence of a judgment, the producing in evidence of a duly authenticated copy of the judgment itself is sufficient.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by August Gimbel against W. D. Oliver.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Ledru Guthrie,* for plaintiff in error.
*W. F. Wilson* and *John Tomerlin,* for defendant in error.

WILLIAMS, J.   Defendant in error, as plaintiff, sued the plaintiff in error, as defendant, declaring upon a judgment of the county court of Bexar county, state of Texas.   The defendant answered by general denial.   On the trial the plaintiff introduced in evidence a duly authenticated copy of the judgment.   The defendant introduced no evidence.   Judg-

ment was rendered in favor of the plaintiff. Defendant insists that error was committed, in that the entire record, including the pleadings, should have been contained in the authenticated copy of the judgment.

Under the Code procedure a general denial is equivalent to a plea of *nul tiel record*. The action being brought on a judgment rendered in a court of another state, such plea being interposed, it is only necessary for the plaintiff to produce in evidence a properly authenticated copy of said judgment; the plea of general denial as applied to the allegations of the petition being to the effect that there was no judgment in the court as declared in the petition. As a general rule, where a judgment is relied on as an estoppel, or as establishing any particular state of facts of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceedings in which the same was rendered. But, where the only direct object to be subserved is to show the existence and contents of such judgment, this rule does not apply. A certified copy of the judgment entry of a court of record possessing general original jurisdiction is admissible of itself to prove rendition and contents. Such entry will be *prima facie* of a valid judgment, and on being admitted all the legal incidents attach which the law annexes to judgments of that class. *Adams v. Olive,* 62 Ala. 418; *Starke v. Gildart,* 4 How. (Miss.) 267; *Carson v. Huntington,* 6 Smedes & M. (Miss.) 111, 45 Am. Dec. 273; *Henderson v. Cargill,* 31 Miss. 367; *McGuire v. Kouns,* 7 T. B. Mon. (Ky.) 386, 18 Am. Dec. 187; *Chinn v. Caldwell,* 4 Bibb. (Ky.) 543; *Lee's Adm'x v. Lee,* 21 Mo. 531, 64 Am. Dec. 247; *Haynes v. Cowen,* 15 Kan. 637; *Rathbone v. Rathbone,* 10 Pick. (Mass.) 1; *Gardere v. Insurance Co.,* 7 Johns. (N. Y.) 514; *Jones v. Randall,* Cowp. 17; *Clark v. Hebert,* 15 La. Ann. 279; *Stafford's Succession,* 2 La. Ann. 886; *Prince v. Emerson,* 14 La. Ann. 141; *Rainey v. Hines et al.,* 121 N. C. 318,

28 S. E. 410; *Old Wayne Mutual Life Asso. v. McDonough et al.,* 164 Ind. 321, 73 N. E. 703.

Under the issues as framed, the plaintiff established · a *prima facie* case, and the court committed no error in rendering judgment in his favor. The judgment is affirmed.

All the Justices concur.