Strother *v.* Christy.

STROTHER *v.* CHRISTY.

1. A defective description in a confirmation of a tract of land, must be supplied in the same way that defective descriptions are supplied in other instruments.
2. A copy of a deed made and recorded in 1816, and certified by the ex-officio recorder, will not be received as evidence in any cause depending, the law not authorizing the recorder to make out and certify copies.

ERROR to St. Louis Circuit Court.

. TOMPKINS, J., delivered the opinion of the Court.*

This is an action of ejectment brought by Strother, to obtain the possession of land in the vicinity of St. Louis, from Christy. On the trial of the cause, the plaintiff offered in evidence, a copy of a confirmation of a tract of land, four by twenty arpents, lying in form of a right angled parallelogram, within which was contained the land for which the action was brought; this being a certified copy of the confirmation, was admitted by the Court to be read; but in the confirmation of which a copy was read, a reference was made to book C, page 339, in the Recorder's office, for the boundaries of the land, confirmed in the following words, viz: "and as respects the four arpents agreeably to a reserve made in a sale from Joseph Brazeau to Louis Labeaume in book C, page 339 of the Recorder's office." The plaintiff then offered in evidence, the certified copy of the deed of sale from Brazeau to L. Labeaume referred to as aforesaid, and it was rejected by the Court. The plaintiff then produced a writing, purporting to be a copy of a deed formerly made by Joseph Brazeau to said Pierre Chouteau, for a tract of land contended to be the land sued for. This was rejected by the Court.

The plaintiff then asked the Court for leave to take a non-suit, and the Court directed a non-suit to be entered accordingly; the plaintiff then moved the Court to set (149) aside the non-suit and grant a new trial. The Court overruled the motion.

*Absent, Judge Wash.

It is assigned for error—

First. That the above mentioned copy of the entry in the book of land titles, marked C, page 339, was rejected.

Second. That the above mentioned copy of a deed from Brazeau to Chouteau was rejected.

First. The copy of the confirmation above mentioned was admitted as evidence by authority of an act of the Assembly, which provides, that " a certified copy of any confirmation had before the Board of Commissioners, for the adjustment of land claims within the State, or before the Recorder of land titles, by the said Recorder, or by the person having the custody of the books and papers containing such confirmation, &c., shall be received in evidence." The paper rejected by the Court, and for the rejection of which the first error is assigned, contains a description of the land, of the confirmation of which, evidence has been received. The statutory provision is, in the opinion of the Court, to be strictly construed; and if the plaintiff had need of any evidence not contained in the confirmation, he should have produced such evidence as would have been admissible at common law.

. Most certainly the deed of Brazeau .to Chouteau, was no part of the confirmation. These confirmations are acts of officers known to the law, the registers of which are necessarily confined to one place, and the law has made the certified copy of such confirmation evidence, because the public convenience requires that the books containing the registers should be kept at one place, and because it would be inconvenient to permit every person to have access to books for the purpose of taking copies. If the certified copy of the confirmation did not contain a sufficient description of the land confirmed, it is either the fault of the confirmee or his misfortune, and he must supply the defect in the same way a defective description must be supplied in any other instrument.

Second. The writing for the rejection of which the second assignment of errors is made, is certified by the Clerk of the Circuit Court, and ex-officio Recorder for the county of St. Louis, to be a true copy from the record of a deed by Joseph Brazeau to Louis Labeaume, (Pierre Chouteau meant,) as found in his office. The loss of the original had been satisfactorily proved. The copy bears the date of 26th July, 1816.

(150) The law in force in 1816, provided that deeds made and executed in the (then) Territory, of or concerning any lands, &c., or whereby the same may be affected in law or equity, shall be acknowledged by one of the grantors, &c., or proved by one or more of the subscribing witnesses before one of the judges of the Supreme Court, (other officers were also authorized to take acknowledgments or proofs,) and recorded within three months, in the county in which such lands are situated, or the same shall be void against subsequent purchasers, recording the said deeds, &c., within the time prescribed by this section. The only object of the Legislature in this provision of the law, seems to be to impose a penalty on a person who, having become a purchaser, by his negligence or fraud, puts it in the power of his vendor to injure an innocent and subsequent purchaser. If the Legislature had meant to introduce a new rule of evidence, it certainly would have prescribed the rule, and not have left it to the Courts to guess at. The original being lost, the plaintiff should have produced the next best legal evidence.

The execution of the original has not been proved, and there is no legal evidence that the deed on record is a copy of any thing that ever had existence.

Strother *v.* Christy.

But even if the deed on record could be read in evidence on the trial of any cause pending in our Courts of law, (which is by no means the case,) the Clerk of the Circuit Court and ex-officio Recorder is not, by the then existing, law authorized to make out certified copies.

The judgment of the Circuit Court is affirmed.