## WILLARD BUZZELL, Respondent, v. JACKSON BENNETT, Appellant.

Infancy is a good defence to an action on an executory contract, though the defendant did not disaffirm it on coming of age.

An erroneous instruction may be assigned for error, if there be any evidence rendering it pertinent to the issue.

APPEAL from the District Court of the Third Judicial District, for the County of Santa Cruz.

Buzzell filed his complaint against Bennett, stating that on the 28th of March, 1849, the defendant, and one Dennis Bennett, since deceased, being indebted to the plaintiff $410, for money loaned, executed their promissory note for the payment of $410, ten days after date, with interest at the rate of four dollars per day, till paid, in gold dust, at $13 per ounce; which note was lost, and had never been transferred; and remained unpaid, &c.; and praying judgment for $10,000, with costs, &c.

The defendant answered, denying the complaint; and pleading that he was a minor at the time of the alleged contract.

The cause was tried by a jury; and the judge having been concerned as counsel, by consent of parties, a member of the bar sat in his place, it being agreed that his decision should be deemed the decision of the Court.

The plaintiff proved the loss of the note by his own oath. A witness for the plaintiff testified to the making of the note, &c. To impeach the testimony of the witness, the defendant offered his deposition, used on the trial of another action between the same parties; which was rejected. A brother of the defendant, 28 or 29 years old, testified that the defendant was born April 5th, 1828, as the witness knew from having heard it talked of in the family, &c., and seen the record of it in the family bible, which was lost in San Francisco, in 1845. It was proved that the defendant had stated in conversation, pending the suit, that he had given the note, and was willing to pay the principal, but not the interest.

The Court instructed the jury, in effect, that the defendant could not avail himself of the plea of infancy, if he had acknow-

ledged the contract after coming of age, or had not expressly disaffirmed it within a reasonable time after coming of age; to which the defendant excepted. The jury found for the plaintiff, $4,242. A motion by the defendant for a new trial, was overruled. The defendant excepted, and appealed.

*J. R. McDougall*, for the appellant.

*Minor* and *Campbell*, and *L. Parsons*, for the respondent, objected that there was no sufficient proof of infancy, and therefore the instructions were irrelevant; and they cited Shorter *v.* The People, 4 Barb.; 2 Greenl. Ev. sec. 363; Curtiss *v.* Patton, 6 Serg. & R. 136. They also objected, that the notice of appeal did not specify whether the appeal was from the judgment, or from the order refusing a new trial; that the attorney, on whom the notice of appeal was served, was not the attorney of record; and that the record did not show that a proper undertaking had been filed, &c.

Justice HEYDENFELDT delivered the opinion of the Court. This case was tried by agreement of parties, before Mr. Crane, sitting in place of the Judge of the Third Judicial District, and as Judge of the District Court. He erred materially, in deciding that the defendant could not avoid a promise to pay money, when such promise was made during infancy, unless he had disaffirmed the contract after arriving at maturity.

It is admitted by the respondent's counsel that such is not the law; but he insists there was no proof of minority, and therefore the instructions given by the District Judge, could make no difference in the result. We are obliged to differ with the able counsel as to the construction of the evidence. We think there was enough testimony, admitted without objection, to make the charge relevant to the issue.

The judgment is reversed; and the cause remanded for a new trial.