THE STATE, Plaintiff in Error, v. TERRY, Defendant in Error.

1. In an indictment for perjury, the false swearing must be charged to have been done feloniously.
2. Grand jurors may indict on their own information or knowledge; they may indict a person for perjury in testifying before themselves.
3. A person may commit perjury by falsely swearing, before a grand jury, that he did not know of any person who had, within twelve months, bet any money or property upon any game of cards in the county.

*Error to Cole Circuit Court.*

The defendant Terry was indicted for perjury charged to have been committed before the grand jury then sitting. The indictment recited the names of the grand jurors; that they were regularly empannelled and sworn and charged, &c.; that Robert V. Glover was appointed foreman, and as such was legally authorized to administer oaths to witnesses; that defendant was subpœnaed, appeared and was duly sworn by said foreman as a witness; that it became and was a material question whether any person within the twelve months then last past, in the county of Cole, had bet any money or property upon any gaming table, bank, cards, or other device

prohibited by law; " that said Henry Terry, being so sworn as aforesaid, contriving and intending to prevent the due course of justice, did then and there knowingly, falsely, wilfully and corruptly, state, depose, and swear before said grand jury, (so sworn as aforesaid to inquire as aforesaid,) amongst other things, in substance and to the effect following, that is to say, that he, the said Henry, did not know of any person who had bet any money or property upon any game of cards within Cole county, and within the twelve months then last passed ; and that he, the said Henry Terry, had seen no person or persons within the twelve months then last past, and in Cole county, bet any money or property at or upon any game played at or by means of cards or any other gaming device ; and that he, the said Henry Terry, had no knowledge whatever that the law prohibiting gaming and playing at cards for money or property had been violated by any person at all," &c. The indictment then proceeds to charge acts of gaming of which the defendant had knowledge, and closes by charging that Terry wilfully and corruptly did commit wilful and corrupt perjury.

This indictment was quashed on motion of defendant.

*Knott*, (attorney general,) for the State.

I. Grand juries may institute prosecutions on their own motion. The action of grand juries is not limited in this state to cases where the accused has been recognized or committed, nor is it essential to the validity of an indictment that the grand jury should make a formal presentment of the matter in court before finding the bill. There are hundreds of violations of the criminal code that, for want of a prosecutor to bring them to notice, would be indulged in with perfect impunity, had not the grand jury the power, and indeed were they not bound by their oath, to inquire into them and institute proceedings for them on their own motion. (See State v. Wolcott, 21 Conn. 272 ; State v. Ward, 2 Mo. 98, 120 ; 12 Mo. 406 ; R. C. 1855, p. 1172 ; 1 Opinions of Att'y Gen'ls, 22.) They may find indictments for offences

committed in their immediate presence. Suppose a witness under examination before the grand jury should murder the circuit attorney in their presence; where would be the impropriety of waiting for the empannelling of another grand jury before an indictment can be fonnd? It is not necessary that there should be a formal presentment before the finding of the bill. The almost universal practice of this State is against such formal presentment.

II. The grand jury had a right to ask the general question, whether defendant had seen any person bet any money, &c. He was bound to answer it. (State v. Ward, 2 Mo. 120.) It was a material question.

III. The word "feloniously" is left out of the indictment. This will invalidate it, under former decisions. As that point was not raised in the court below, the court is respectfully asked to pass upon and settle the points raised in the motion to quash.

*Gardenhire*, for defendant in error.

I. A prosecutor, or complainant, or witness on the part of the prosecution, is not a competent grand juror, and either is good ground of challenge to the array. (R. C. 1855, p. 1167, § 2, 3.) The same grand jury before whom a perjury has been committed can not find an indictment for it, without doing it on their own testimony. It is a secret tribunal, and no one but themselves is permitted to hear the testimony; and they are not allowed to disclose it, except when lawfully to testify as a witness in relation thereto. A witness certainly would not be a competent juror on the final trial, and the reason rendering him incompetent applies with equal force to the grand jury. The whole spirit of the criminal law is against indicting or trying a party by juries thus constituted.

II. The matter sworn to is not sufficient to support an assignment of perjury. The witness ought to have been questioned as to the violation of law by some particular person, otherwise the inquiry included every man in the county,

the grand jury included. Under the law, was it a material question whether every man in the county was innocent of playing cards, or some one of them guilty? For the defendant, it is insisted that there could be no such material question; that the defendant could not be compelled to answer; that if wrongfully compelled, perjury could not be assigned upon his answer; and that having answered voluntarily, there can be no better foundation for an assignment of perjury than if forced.

III. Perjury is a felony, and the indictment does not charge that the defendant *feloniously* swore falsely. The judgment must therefore be affirmed.

Scott, Judge, delivered the opinion of the court.

This was an indictment for perjury. The false swearing was not alleged to have been done *feloniously*. In all indictments for a felony, it is necessary to charge the criminal act to have been done *feloniously*. Perjury is a felony by our laws, though not so at common law. The indictment was properly quashed.

It was urged by the defendant that, as a prosecutor, or complainant, or witness on the part of the State, could not be a competent grand juror, (R. C. 1855, p. 1167, § 2 & 3,) that the grand jury before which a perjury is committed by a witness could not indict such witness for the crime. In answer to this objection, we may cite the twenty-second section of the third article of the act concerning practice in criminal cases, (R. C. 1855, p. 1170,) which provides that no indictment for any trespass against the person or property of another, not amounting to felony, &c., shall be preferred unless the name of a prosecutor is endorsed as such thereon, except when the same is preferred upon the information or knowledge of two or more of the grand jury. This is sufficient to show that, under our code, grand jurors may indict on their own information.

It was further urged that the question put to the witness was so general that no assignment of perjury could be made

on an answer to it. The question in substance was, whether the witness knew that any person within the last year in Cole .county had violated the laws against gaming by betting upon any gaming table, bank, cards, or other device prohibited by law. It was decided in the case of The State v. Ward, 2 Mo. 120, that such a question might be asked a witness by the grand jury.

Affirmed. The other judges concur.