WILLIAM CRONE, Respondent, v. ISRAEL DAWSON, Appellant.

Kansas City Court of Appeals, November 9, 1885.

1. JUDGMENTS—PROOF OF—ENTIRE RECORD MUST BE PRODUCED.—The general rule is, that where a party intends to avail himself of a decree (or judgment), as an *adjudication* upon the subject matter, and not merely to prove collaterally that the decree was made (or judgment rendered), he must show the proceedings upon which the decree, or judgment, was founded. And records, when used, in such cases, must be produced *entire*.

2. ———— JURISDICTION OF COURT RENDERING, ALWAYS OPEN TO QUES-

TION.—In all instances the jurisdiction of the court rendering the judgment may be inquired into, and the plea of *nil debet* will allow the defendant to show that the court had no jurisdiction over his person, but this will not put in issue the merits of the judgment.

3. ——— FOREIGN LAWS—INTEREST.—Where no evidence is introduced of the law of interest in another state ; and where it could not be presumed that the common law is in force there, the law of this state must govern.

APPEAL from Holt Circuit Court, HON. HENRY S. KELLEY, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action upon a judgment alleged to have been recovered in the circuit court of Stark county, in the state of Illinois. The answer was a general denial.

The plaintiff offered in evidence a certified copy of the judgment sued on. Against the defendant's objection the court permitted its introduction in evidence. The copy of the judgment is as follows :

"Pleas at a circuit court held by the Honorable Sabin D. Puterbaugh, judge of the sixteenth judicial circuit of the state of Illinois, at a term of court held in and for the county of Stark, which is part of said circuit, which term was begun and held at the court house in Tulon, in said county, on the first Monday (being the seventh day of said month), of the month of October, 1872. Present, Hon. Sabin D. Puterbaugh, judge aforesaid ; Samuel M. Adams, sheriff of said Stark county, and John M. Brown, clerk of said circuit court.

"Be it remembered that on the fourteenth day of October, A. D. 1872, being one of the regular days of said term of said court, among other things, proceedings were had and entered of record in said court as follows, to-wit:

" WILLIAM A. CRONE,
        "*Attachment.*
        vs.
"ISRAEL DAWSON.

"Now, on this day comes the said plaintiff, M. A.
Fuller, his attorney, and the said defendant, and Shal-
lenburger, his . attorney, and the said parties waive a
trial by jury, and now this cause is submitted to the
court for trial.  And now, the court, having heard the
evidence herein, and being now fully advised in the
premises, doth find the issue for the plaintiff, and assess
the damages at one hundred and forty dollars.  There-
fore, it is considered and adjudged by the court  that the
said plaintiff have and recover of and from  the said de-
fendant the said sum of one hundred and forty dollars,
his damage, in form aforesaid by the court assessed, and,
also, his cost and charges in this behalf expended, and
that he have execution therefor."

The above record was certified as follows :

" STATE OF ILLINOIS,  }
    " STARK COUNY.      }  ss.

"I, John M. Brown, clerk· of the circuit court in
and for said county, in the state aforesaid, do hereby
certify the foregoing to be a perfect and complete copy
of judgment, which was rendered and entered of record
in said court on the fourteenth day of October, 1872, as
the same appears of record in my office.  In testimony,
whereof, I have hereunto set my hand and affixed the seal
of said court, at my office in Tulon this thirteenth day of
December, A. D. 1881.

"[Signed]          .          JOHN M. BROWN,
                                        "*Clerk.*"

{ L. S. }

To this is appended the certificate of the judge, in
due form.

The defendant offered to prove " that he was never
served with process in said suit ; that he was not present

at the trial, nor did he ever authorize Mr. Shallenberger or any other person to appear for him," etc. This, the court refused to permit defendant to do, upon objection by plaintiff, "for the reason that defendant having answered by general denial, could not show under the general issue that the defendant was not served with process; that he did not appear to the action nor authorize any person to appear for him."

The court instructed the jury to find for plaintiff the amount of the judgment as shown by the transcript, less a credit thereon admitted by plaintiff, with six per cent. interest from the rendition thereof. The case is here on appeal.

T. H. PARRISH, for the appellant.

I. The record does not purport to be a complete record and transcript of the proceedings to which it relates, nor is it certified to as a complete record. Where a record is used to prove the facts therein contained, the whole record must be produced. *Lee's Adm'r v. Lee*, 21 Mo. 531; *Phillipson v. Bates*, 2 Mo. 116; 1 Greenl. Evid., sect. 511.

II. If the judgment read in evidence was rendered without notice to, or an appearance by the defendant, it was void *ab initio*. And the recitals that the defendant appeared, etc., may be contradicted. *Roach v. Burnes*, 33 Mo. 319; *Marx v. Fore*, 51 Mo. 69; *Edgar v. Stover*, 59 Mo. 87.

III. The court erred in refusing to allow defendant to show, *under the general issue*, that the judgment read in evidence was void. The defendant denied that the judgment was legally rendered. The issue was made on the validity of the judgment, and defendant had the right under the general issues to show that it was void. *Corby v. Waddle*, 57 Mo. 452; *Kersey v. Gaston*, 77 Mo. 645; *Hill v. Bailey*, 76 Mo. 454; *Gaff v. Roberts*, 72 Mo. 571; *Cousins v. R. R.*, 66 Mo. 572.

IV. The court erred in instructing the jury to allow plaintiff six per cent. interest on the judgment.

There was no evidence to show that the laws of Illinois allowed interest on judgments, and the common law will be presumed to prevail there. *Thompson v. Morrow*, 2 Cal. 99.

No brief on file for the respondent.

I.

Hall, J.—The defendant complains, first, of the action of the trial court in permitting the introduction in evidence of the record offered by plaintiff. The defendant claims that the record was inadmissible for the reason that it does not purport to be a complete record of the proceedings to which it relates, and is not certified as such a complete record.

The record in this case was authenticated in pursuance of the act of congress in relation to authentication of laws and records. By that "act" the whole record is required to be certified. Abbotts' Trial Evidence, p. 536. "In proving a judgment had under the new procedure, for the purpose of an action thereon, whatever is made by law a part of the record or judgment roll should be proved * * *." *Id.* 537. "So the whole record, which concerns the matter in question, ought to be produced." 4 Comyn's Digest, Title Evid., 89. "The general rule is, that where a party intends to avail himself of a decree, as an adjudication upon the subject matter, and not merely to prove collaterally that the decree was made, he must show the proceedings upon which the decree was founded." 1 Greenleaf on Evidence, sect. 511. "It is a general rule that records, when used, must be produced entire, but this rule is laid down with some exceptions and limitations. * * * Where a record is used to prove the facts therein contained, the rule well applies * * *." *McGuire v. Koums*, 7 Monroe 386, cited in *Lee's Adm'r v. Lee*, 21 Mo. 534. Peak says: "The whole record, and not a part only, must be exemplified or copied, in order that the court may be in possession

of the full effect of it, for a partial extract may bear a very different import from the whole taken together. Here, it cannot be pretended that the 'documents' offered comprise the whole record. It was not the practice of the courts to make up their records in that form. Such is the settled doctrine in relation to judgments at law * * *." *Philipson v. Bates*, 2 Mo. 120. The "documents" here spoken of will appear more clearly from the following extract from the statement of the case made by the judge delivering the opinion in that case: "The plaintiff then offered in evidence certain documents, being a copy of the judgment of the old general court for the territory of Missouri, rendered at their May term, 1813, against, * * * and also the copy of a decree of the supreme court for the state of Missouri, rendered at the November term, 1825 * * *."

The objection made by the defendant to the introduction in evidence of the record offered by the plaintiff should have been sustained. It did not purport to be, nor was it certified as the whole record of the proceedings in the case to which it related. This, we understand, to be settled law.

## II.

The defendant next complains of the action of the trial court in refusing him permission to introduce, under the general issue, proof of the want of jurisdiction of the person of the defendant by the Illinois court, rendering the judgment upon which this action is based. That action of the court was erroneous.

In *Marx v. Fore* (51 Mo. 73), the defence, proof of which the defendant offered, was termed an equitable defence, and as such would, of course, have to be specially pleaded. But in the case of *Eager v. Stover* (59 Mo. 88), *Thompson v. Whitman* (18 Wall. 457), is cited and approved. In the latter case, Justice Bradley quotes, with approval, the following language of Chancellor Kent: "The doctrine in *Mills v. Duryes*, is to be taken with the qualification that in all instances the jurisdic-

tion of the court rendering the judgment may be enquired into, and the plea of *nil debet* will allow the defendant to show that the court had no jurisdiction over his person   *   *   *."

In the leading case of *Bissell v. Briggs* (9 Mars. 469), Parsons, C. J., delivering the opinion concurred in by Parker, J., it is said: "From this reasoning the conclusion is manifest that judgments rendered in any other of the United States are not, when produced here as the foundation of actions, to be considered as foreign judgments, the merits of which are to be enquired into, as well as the jurisdiction of the courts rendering them. Neither are they to be considered as domestic judgments, rendered in our own courts of record, because the jurisdiction of the courts rendering them is a subject of inquiry. But such judgments, so far as the courts rendering them had jurisdiction, are to have full faith and credit. They may, therefore, be declared on as evidences of debt or promises; and on the general issue, the jurisdiction of the courts rendering them is put in issue, but not the merits of the judgments."

We hold, then, that the jurisdiction of the Illinois court, rendering the judgment in suit, of the person of the defendant, was put in issue by the general denial. And this is in accordance with reason, for the defendant, by proving that the court rendering the judgment against him had no jurisdiction of his person, would establish the fact that there was no judgment, as alleged in the petition. The petition alleges a judgment. Such proof would establish that there was no judgment. *Greenway v. James*, 34 Mo. 328.

### III.

Defendant contends that the trial court erred in instructing the jury to allow six per cent. interest on the judgment. The laws of Illinois were not in evidence. At common law, judgments do not carry interest. *Thompson v. Monrow*, 2 Cal. 101. In the absence of evidence of the Illinois laws, we are asked to presume

that the common law is in force there. "This presumption can only be indulged with reference to those states which, prior to becoming members of the union, were subject to the laws of England." *Flato v. Mulhall*, 72 Mo. 525 ; *Sloan v. Torry*, 78 Mo. 624.

We cannot take judicial notice of the laws of Illinois. Illinois was never subject to the laws of England, and we cannot presume that the common law is in force there, as no evidence was introduced of the laws of Illinois, and as no presumption that the common law is in force there can be indulged, the law of this state must govern. By that law six per cent. interest runs on judgments, and the court below properly instructed the jury to allow that rate of interest.

Judgment reversed and cause remanded. All concur.