GEORGE H. SILVER, Respondent, v. KANSAS CITY, ST. LOUIS & CHICAGO RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 15, 1886.

DEPOSITIONS—POWERS OF NOTARY PUBLIC CONCERNING—SECTION 2123, REVISED STATUTES, CONSTRUED.—Under the statutes of this state, a notary public can only transact his official business, in the county for which he was appointed and in which he resides. Section 2125, Revised Statutes, authorizes depositions to be taken *without* this state by a notary public "within the government where the witness may be found." Where there is no proof of the statutes of the "government" *without* the state, and no presumption as to what its law is, the statutes of this state as to the powers of the notary will be applicable.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

Statement of case by the court.

In the spring of 1878 defendant commenced the location and construction of a railroad from Mexico to Kansas City. About March it commenced grading its road from Mexico, commencing at several points west of Mexico at the same time. The construction of the road was done by the Chicago & Alton Railway Company, under contract with defendant. Plaintiff owned forty acres of land inclosed by fence, about four miles west of Mexico, through which the road as located passed. The grading was commenced on plaintiff's land about the first of March. The grading was completed from Mexico, twenty-five or thirty miles west and track was laid from Mexico west and was completed through plaintiff's farm about June 10, and was extended west at once. Defendant commenced building fences and cattle guards at once, at such points as in the judgment of its officers they were most needed. As soon as grading was commenced through plaintiff's field his fences were left open and

cattle commenced going into plaintiff's fields, which was continued until July, when cross fences and cattle guards were built.

In July a lot of plaintiff's sheep came upon the track from his field and were struck and some of them killed by an engine operated by and belonging to the Chicago & Alton Railroad Company, in carrying materials to Wolf & Sons who had a sub-contract. The side fences were not built through plaintiff's field until October or November.

In August, 1878, plaintiff commenced suit for damages. The petition contained four counts. (1) for double damages under section 809 for killing the sheep. (2) for negligence in killing the sheep. (3) for trespass under section 3922 (as claimed by defendant). (4) trespass at common law for breaking plaintiff's close. The case was tried on these counts and defendant had judgment on all of them. Plaintiff appealed to the supreme court and judgment was reversed and cause remanded. In January, 1884, over five years after the commencement of the original suit plaintiff filed an amended petition containing two counts, both under section 809. One for killing the sheep, the other for damage to his crops by cattle, both occasioned by failure to fence.

Defendant moved to strike out the second count as not being an amendment to the original petition, the motion was overruled and defendant pleaded the statute of limitation to that count. To both counts it pleaded a general denial. That the damage complained of was done by contractors, and that defendant used due diligence in fencing its road.

Defendant took the depositions of two witnesses in Chicago. The certificate of the notary public, before whom they were taken, showed that he was a notary of Dupage county, Illinois, and that the deposition was taken in Cook county in said state. On this ground, on motion of plaintiff, the deposition was suppressed, to which action error is assigned. Defendant asked the court to declare the law to be that the cause of action set

up in the second count was barred by the statutes of limitation.    That as a matter of law upon the pleadings and evidence plaintiff could not recover on the first count.    That defendant had the right to determine what part of its completed road should first be fenced.    That plaintiff could not recover on the first count for injuries caused by the engines, cars and servants of a contractor.    All these instructions were refused, and the action of the court is assigned as error.    Upon the trial plaintiff asked a witness when stock commenced trespassing upon his field. Defendant objected to any testimony as to damage done by trespassing cattle before its road was completed, on the ground that the statute did not require defendant to fence its road until completed.    Objections were overruled and witness testified to damages done by stock in March as soon as grading commenced.    The action of the court in admitting such evidence is assigned as error. The verdict was for plaintiff on both counts.    On plaintiff's motion judgment was entered for double the amount of the verdict.    Defendant moved in arrest of judgment on the ground that neither count in plaintiff's petition stated a cause of action and the judgment was not authorized by the pleadings and evidence, and the motion was overruled.

McFARLANE & TRIMBLE, for the appellants.

I.   The amended petition states a different cause of action from that contained in the original petition ; is under a different statute and requires different proof.    Such an amendment will not be allowed.    Bliss on Code Pleading, sect. 429 ; *Lottman v. Barnett*, 62 Mo. 159.    The cause of action must be determined by the petition itself.

II.   The notary public in Illinois had jurisdiction to take the depositions in Cook county in said state.    The statute of that state is broad enough to authorize a notary to act in any part of the state.    In case of a notary taking a deposition our law confers a jurisdiction regardless of the laws of the state in which the deposition is to

be taken. Sect. 2123, Rev. Stat. The presumption would be that an officer acting under authority of our law was acting within his jurisdiction under the laws of his own state. *People v. Snyder*, 41 N. Y. 402; *Squire v. Stockton*, 5 La. 120; Rev. Stat. Illinois (1881) sect. 9.

III.   The obligation to fence does not arise until the road is completed; the statute contemplates a completed road. Sect. 809, Rev. Stat.

IV.   There can be no recovery for injury to plaintiff's sheep by a collision with a train belonging to another corporation. The statute is penal, and must receive a strict construction. *Fowler v. Railroad*, 37 Mo. 228; *Ingals v. Cole*, 47 Maine 336.

V.   The petition stated no cause of action which would enable plaintiff to recover from one company for the act of another. *Railroad v. Booker*, 90 Ind. 581.

I. HALL, for the respondent.

I.   Defendant answered the amended petition, and made its defence to it on the trial. *Ward v. Pine*, 50 Mo. 38; *Ely v. Porter*, 58 Mo. 158; *Scovill v. Glasner*, 79 Mo. 449.

II.   The depositions from Illinois were rightfully suppressed. The certificate showed the notary to be acting outside of his jurisdiction. If he had authority throughout the state, or in any other county, it devolved upon defendant to show it by competent evidence at the time. Our statute confers no powers beyond what notaries possess *in their state*. The decisions of Illinois sustain this view as to that state. *VanDusen v. People*, 78 Ill. 45. So in this state. *Hoggard v. Railroad*, 63 Mo. 302; *State v. Baker*, 74 Mo. 394.

III.   All the questions raised herein by appellant, as to the duty of defendant to fence its road, and when that obligation commences, have been decided against it by the supreme court in this case, reported in 78 Mo. 528.

IV.   Section 809, Revised Statutes, did not intend that there should be an absolute ownership of the engines, etc., in the railroad corporation owning the road; but

that it should be liable for stock killed or injured by engines operated for its use, by reason of failure to construct fences on the sides of its road. *Proctor v. Railroad*, 64 Mo. 112; this case, 78 Mo. 533.

V. The ground work of the action is defendant's neglect to build fences. 1 Suth. Dam. 26, 64.

ELLISON, J.—This cause was before the supreme court of this state on plaintiff's appeal and is found reported in 78 Mo. 528. On a re-trial plaintiff amended his petition, omitting the two common law counts and materially changing the third count in the original petition. The third count in the original petition is the second count in the petition as amended. Objection was made to this amendment and defendant endeavored to have it stricken out, but the court overruled its motion to that effect.

We are relieved of the necessity of passing on the correctness of the court's action in overruling this motion from the fact, that the defendant, instead of standing on his motion, answered over to the merits and thereby waived the point. *Scovil v. Glasner*, 79 Mo. 449.

The motion to suppress the depositions was properly sustained. Under our statute a notary public can only transact his official business in the county for which he was appointed and in which he resides. Section 2123, Revised Statutes, authorizes depositions to be taken without this state by a notary public "within the government where the witness may be found." We are informed by defendant's counsel that in Illinois a notary public may execute the duties of his office in any part of the state, so long as his residence is in the county of his appointment. There was no evidence, however, of this at the trial. The statute of Illinois was not introduced. There is no presumption to be entertained as to what her statutes are. In those states formerly subject to the common law of England the presumption here would be that the common law is in force there. But as Illinois was a part of the Louisana purchase and was never

subject to the common law of England, such presumption would not obtain in matters where the common law was applicable. There being no proof of the Illinois statute, and there being no presumption as to what her law is, we hold our own statute as to the powers of the notary applicable. *Crone v. Dawson* (19 Mo. App. 214), and *White v. Chaney* (20 Mo. App. 389). Our statute saying the deposition may be taken by any notary "within the government where the witness may be found," I think, means any notary within the government, who is qualified and entitled to act, at the place where the witness may be found. In this state, as before said, he would only be qualified to act in the county of his appointment.

In regard to the remaining objections by defendant, I am unable to conclude they should be sustained, especially under the opinion in this cause in 78 Mo. *supra*· The instructions given for defendant go a greater length for it, than can well be justified under the rulings of the supreme court, when the cause was before that tribunal.

So soon as the defendant began to operate its engines and cars the necessity of protection from such cars and the obligation to fence began. 78 Mo. 533.

So soon as the defendant removed plaintiff's fence for the purpose of constructing its road the necessity for protection to plaintiff's fields arose and its obligations to fence likewise arose. 78 Mo. 535. Notwithstanding this is said by the supreme court, the reason and justice of which is apparent at first blush, yet the court, further on, does seem to say that a railway is to have a reasonable time, after beginning the operation of its cars and a reasonable time after tearing away an enclosure and exposing the owner's crops, in which to build the fences and cattle guards required. I take it that it is here meant that if damage should accrue to the owner of fields by reason of a railway tearing down his fences, before the expiration of a reasonable time for the railway to put in cattle guards and enclose its track, the remedy would be an ordinary action for the loss, and not

under section 809.   For it could not be for a moment supposed that a railway could throw open one's fields to the commons and not be held for the damage in some form of action.

The question whether defendant had a reasonable time in which to build the fences or put in the cattle guards before the injury inflicted on plaintiff's property, was submitted to the jury.   Defendant contends there can be no recovery under the first count for injury to plaintiff's sheep by collision with a train belonging to another corporation and operated by and for the benefit of the contractors in the construction of the road.

If this action was for an injury resulting from the negligence of those operating the train, as if the stock had been killed at a public crossing, or the like, there would be some force in this objection.   But the action is based on the want of a fence, the injury being occasioned by the failure to fence, without reference to negligence. This was a statutory duty imposed on defendant which it could not shift.

There is no error in the record justifying a reversal and the judgment is, therefore, with the concurrence of the other judges, affirmed.